IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED COMMUNITY BANK,<br><br>Plaintiff,<br><br>v.<br><br>BLENDED CAPITAL LLC, FL010 LLC, FL192 LLC, FL11 LLC, FL0108 LLC, FL16 LLC, FL 245 LLC, FL171 LLC, SARALAND CRE LLC, 524 CRE LLC, JAMES BRANDON BUTLER, LIFE CAPITAL, LLC, AL68 LLC, and FG SARALAND LLC,<br><br>Defendants. | Civil Action File No. _______________ |

**COMPLAINT FOR DAMAGES**

Plaintiff United Community Bank hereby files its Complaint for Damages against Blended Capital LLC, FL010 LLC, FL192 LLC, FL11 LLC, FL0108 LLC, FL16 LLC, FL 245 LLC, FL171 LLC, Saraland CRE LLC, 524 CRE LLC, James Brandon Butler, Life Capital, LLC, AL68 LLC, and FG Saraland LLC, as follows:

## I. PARTIES AND JURISDICTION

1. Plaintiff United Community Bank ("UCB") is a South Carolina state-chartered banking corporation with its principal place of business located in Greenville, South Carolina. Accordingly, UCB is a citizen of the State of South Carolina.

2. UCB is the successor by merger to Progress Bank & Trust ("Progress Bank").

3. Defendant Blended Capital LLC ("Blended Capital") is a limited liability company organized under the laws of the State of Delaware. Blended Capital's sole member is James Brandon Butler ("Butler"), an individual citizen of the State of Alabama. Accordingly, Blended

Capital is a citizen of the State of Alabama. Blended Capital may be served through its registered agent, The Corporation Trust Company, at Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801.

4. Defendant FL010 LLC ("FL010") is a limited liability company organized under the laws of the State of Florida. FL010's sole member is Blended Capital. Blended Capital's sole member is Butler, an individual citizen of the State of Alabama. Accordingly, FL010 is a citizen of the State of Alabama. FL010 may be served through its registered agent, CT Corporation System, at 1200 South Pine Island Road, Plantation, Florida 33324.

5. Defendant FL192 LLC ("FL192") is a limited liability company organized under the laws of the State of Florida. FL192's sole member is Blended Capital. Blended Capital's sole member is Butler, an individual citizen of the State of Alabama. Accordingly, FL192 is a citizen of the State of Alabama. FL192 may be served through its registered agent, CT Corporation System, at 1200 South Pine Island Road, Plantation, Florida 33324.

6. Defendant FL11 LLC ("FL11") is a limited liability company organized under the laws of the State of Florida. FL11's sole member is Blended Capital. Blended Capital's sole member is Butler, an individual citizen of the State of Alabama. Accordingly, FL11 is a citizen of the State of Alabama. FL11 may be served through its registered agent, CT Corporation System, at 1200 South Pine Island Road, Plantation, Florida 33324.

7. Defendant FL0108 LLC ("FL0108") is a limited liability company organized under the laws of the State of Florida. FL0108's sole member is Blended Capital. Blended Capital's sole member is Butler, an individual citizen of the State of Alabama. Accordingly, FL0108 is a citizen of the State of Alabama. FL0108 may be served through its registered agent, CT Corporation System, at 1200 South Pine Island Road, Plantation, Florida 33324.

8. Defendant FL16 LLC ("FL16") is a limited liability company organized under the laws of the State of Florida. FL16's sole member is Blended Capital. Blended Capital's sole member is Butler, an individual citizen of the State of Alabama. Accordingly, FL16 is a citizen of the State of Alabama. FL16 may be served through its registered agent, CT Corporation System, at 1200 South Pine Island Road, Plantation, Florida 33324.

9. Defendant FL 245 LLC ("FL 245") is a limited liability company organized under the laws of the State of Florida. FL 245's sole member is Blended Capital. Blended Capital's sole member is Butler, an individual citizen of the State of Alabama. Accordingly, FL 245 is a citizen of the State of Alabama. FL 245 may be served through its registered agent, CT Corporation System, at 1200 South Pine Island Road, Plantation, Florida 33324.

10. Defendant FL171 LLC ("FL171") is a limited liability company organized under the laws of the State of Florida. FL171's sole member is Blended Capital. Blended Capital's sole member is Butler, an individual citizen of the State of Alabama. Accordingly, FL171 is a citizen of the State of Alabama. FL171 may be served through its registered agent, CT Corporation System, at 1200 South Pine Island Road, Plantation, Florida 33324.

11. Defendant Saraland CRE LLC ("Saraland CRE") is a limited liability company organized under the laws of the State of Alabama. Saraland CRE's sole member is Butler, an individual citizen of the State of Alabama. Accordingly, Saraland CRE is a citizen of the State of Alabama. Saraland CRE may be served through its registered agent, Butler, at 6157 Airport Boulevard, Suite 850864, Mobile, Alabama 36685.

12. Defendant 524 CRE LLC ("524 CRE") is a limited liability company organized under the laws of the State of Alabama. 524 CRE's sole member is Butler, an individual citizen of the State of Alabama. Accordingly, 524 CRE is a citizen of the State of Alabama. 524 CRE

LLC may be served through its registered agent, Corporation Service Company, Inc., at 641 South Lawrence Street, Montgomery, Alabama 36104.

13. Defendant Butler is an individual citizen of the State of Alabama. Butler may be served at 1116 Pace Parkway, Mobile, Alabama 36693 or wherever he may be found.

14. Defendant Life Capital, LLC ("Life Capital") is a limited liability company organized under the laws of the State of Alabama. Life Capital's sole member is Butler, an individual citizen of the State of Alabama. Accordingly, Life Capital is a citizen of the State of Alabama. Life Capital may be served through its registered agent, Butler, at 6157 Airport Boulevard, Suite 850864, Mobile, Alabama 36685.

15. Defendant AL68 LLC ("AL68") is a limited liability company organized under the laws of the State of Alabama. AL68's sole Member is Life Capital. Life Capital's sole member is Butler, an individual citizen of the State of Alabama. Accordingly, AL68 is a citizen of the State of Alabama. AL68 may be served through its registered agent, Butler, at 6157 Airport Boulevard, Suite 850864, Mobile, Alabama 36685.

16. Defendant FG Saraland LLC ("FG Saraland" and, collectively with Blended Capital, FL010, FL192, FL11, FL0108, FL16, FL 245, FL171, Saraland CRE, 524 CRE, Butler, Life Capital, and AL68, the "Defendants") is a limited liability company organized under the laws of the State of Alabama. FG Saraland's sole member is Life Capital. Life Capital's sole member is Butler, an individual citizen of the State of Alabama. Accordingly, FG Saraland is a citizen of the State of Alabama. FG Saraland may be served through its registered agent, Butler, at 6157 Airport Boulevard, Suite 850864, Mobile, Alabama 36685.

17. This Court has personal jurisdiction over the Defendants because the Defendants are each citizens of the State of Alabama and therefore subject to the general jurisdiction of courts

sitting in Alabama.

18. This Court has subject-matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, because UCB and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

19. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b) because all the Defendants are citizens of the State of Alabama and at least one Defendant resides in the Southern District of Alabama.

## II. FACTUAL BACKGROUND

### A. <u>The Blended Capital Loans and the Blended Capital Loan Documents</u>.

20. On or about October 31, 2022, Blended Capital, FL010, and FL192 (collectively, the "*0100 Borrowers") executed and delivered to Progress Bank that certain Commercial Promissory Note of even date in the face amount of $495,000.00 (the "*0100 Note"), memorializing a loan made by Progress Bank to the *0100 Borrowers in the same amount (the "*0100 Loan"). A true and correct copy of the *0100 Note is attached hereto as Exhibit A.

21. On or about April 17, 2023, Blended Capital, FL11, and FL0108 (collectively, the "Original Development Loan Borrowers") entered into a Development Loan Facility with UCB, as defined in that certain Loan Agreement executed by the Original Development Loan Borrowers, as Borrowers, and UCB, as Lender (the "Development Loan Agreement"). A true and correct copy of the Development Loan Agreement is attached hereto as Exhibit B.

22. The Development Loan Facility is further evidenced by, among other things, that certain Development Loan Facility Note dated April 17, 2023, in the maximum principal amount of $2,000,000.00 (the "Development Note"), which was executed by the Original Development Loan Borrowers and delivered to UCB. A true and correct copy of the Development Note is

attached hereto as Exhibit C.

23. Also on or about April 17, 2023, the Original Development Loan Borrowers executed and delivered to UCB that certain Term Loan Note of even date in the face amount of $733,500.00 (the "*6349 Note"), memorializing a loan made by UCB to the Original Development Loan Borrowers under the Development Loan Facility in the same amount (the "*6349 Loan"). A true and correct copy of the *6349 Note is attached hereto as Exhibit D.

24. On or about July 25, 2023, the Original Development Loan Borrowers, FL16, and FL 245 (FL16 and FL 245, collectively, the "*1176 Joining Borrowers") executed and delivered to UCB that certain Development Loan Draw Request of even date in the face amount of $717,179.31 (the "*1176 Draw Request"), memorializing a loan made by UCB to the Original Development Loan Borrowers and the *1176 Joining Borrowers in the same amount (the "*1176 Loan"). A true and correct copy of the *1176 Draw Request is attached hereto as Exhibit E.

25. Also on or about July 25, 2023, the *1176 Joining Borrowers executed and delivered to UCB a Borrower Joinder Agreement (the "*1176 Joinder Agreement"), whereby the *1176 Joining Borrowers became parties to, among other things, the Development Loan Agreement, the Development Note, and the *6349 Note. A true and correct copy of the *1176 Joinder Agreement is attached hereto as Exhibit F.

26. On or about December 18, 2023, the Original Development Loan Borrowers, the *1176 Joining Borrowers, and FL171 (collectively, the "Development Loan Borrowers") executed and delivered to UCB that certain Development Loan Draw Request of even date in the face amount of $368,555.60 (the "*4445 Draw Request" and, collectively with the *1176 Draw Request, the "Draw Requests") memorializing a loan made by UCB to the Development Loan Borrowers in the same amount (the "*4445 Loan"). A true and correct copy of the *4445 Draw

Request is attached hereto as Exhibit G.

27. Also on or about July 25, 2023, FL171 executed and delivered to UCB a Borrower Joinder Agreement (the "*4445 Joinder Agreement" and, collectively with the *1176 Joinder Agreement, the "Joinder Agreements"), whereby FL171 became a party to, among other things, the Development Loan Agreement, the Development Note, the *6349 Note, the *1176 Draw Request, and the *1176 Joinder Agreement. A true and correct copy of the *4445 Joinder Agreement is attached hereto as Exhibit H.

28. The *0100 Borrowers and the Development Loan Borrowers are hereafter sometimes referred to collectively as the "Blended Capital Borrowers."

29. The *0100 Loan, the *6349 Loan, the *1176 Loan, and the *4445 Loan are hereafter sometimes referred to collectively as the "Blended Capital Loans."

30. Butler unconditionally guaranteed payment of the Blended Capital Loans pursuant to that certain Guaranty Agreement executed by Butler in favor of UCB dated April 17, 2023 (the "Butler Blended Capital Guaranty"). A true and correct copy of the Butler Blended Capital Guaranty is attached hereto as Exhibit I.

31. Life Capital unconditionally guaranteed payment of the Blended Capital Loans pursuant to that certain Unlimited Continuing Guaranty executed by in favor of Progress Bank dated October 31, 2022 (the "Life Capital Blended Capital Guaranty" and, collectively with the Butler Blended Capital Guaranty, the "Blended Capital Guarantees"). A true and correct copy of the Life Capital Blended Capital Guaranty is attached hereto as Exhibit J.

32. Butler and Life Capital are hereafter sometimes referred to collectively as the "Blended Capital Guarantors."

33. UCB is the holder of the *0100 Note, the Development Loan Agreement, the

Development Note, the *6349 Note, the Draw Requests, the Joinder Agreements, the Blended Capital Guarantees, and all documents executed in connection therewith or pursuant thereto (collectively, the "Blended Capital Loan Documents").

**B. <u>The Saraland CRE Loans and the Saraland CRE Loan Documents</u>.**

34. On or about December 19, 2022, Saraland CRE executed and delivered to Progress Bank that certain Commercial Promissory Note of even date in the face amount of $1,998,000.00 (the "*5600 Note"), memorializing a loan made by Progress Bank in the same amount (the "*5600 Loan"). A true and correct copy of the *5600 Note is attached hereto as Exhibit K.

35. Note *5600 is secured by that certain real property commonly known as 56 Shell Road, Saraland, Alabama 36571 (the "Saraland CRE Real Property"), as more as more particularly described in that certain Commercial Real Estate Mortgage granted by Saraland CRE in favor of Progress Bank dated December 19, 2022, recorded as Instrument No. 2022078057 in the Mobile County, Alabama, records (the "Saraland CRE Mortgage"). A true and correct copy of the Saraland CRE Mortgage is attached hereto as Exhibit L.

36. On or about January 25, 2023, Saraland CRE executed and delivered to UCB that certain Commercial Promissory Note of even date in the face amount of $866,388.00 (the "*4100 Note" and, collectively with the *5600 Note, the "Saraland CRE Notes"), memorializing a loan made by UCB in the same amount (the "*4100 Loan" and, collectively with the *5600 Loan, the "Saraland CRE Loans"). A true and correct copy of the *4100 Note is attached hereto as Exhibit M.

37. Butler unconditionally guaranteed payment of the Saraland CRE Loans pursuant to that certain Unlimited Continuing Guaranty executed by Butler in favor of UCB dated January 25, 2023 (the "Butler Saraland CRE Guaranty"). A true and correct copy of the Butler Saraland CRE

Guaranty is attached hereto as Exhibit N.

38. Blended Capital unconditionally guaranteed payment of the Saraland CRE Loans pursuant to that certain Unlimited Continuing Guaranty executed by Blended Capital in favor of UCB dated January 25, 2023 (the "Blended Capital Saraland CRE Guaranty"). A true and correct copy of the Blended Capital Saraland CRE Guaranty is attached hereto as Exhibit O.

39. Life Capital unconditionally guaranteed payment of the Saraland CRE Loans pursuant to that certain Unlimited Continuing Guaranty executed by Life Capital in favor of UCB dated January 25, 2023 (the "Life Capital Saraland CRE Guaranty"). A true and correct copy of the Life Capital Saraland CRE Guaranty is attached hereto as Exhibit P.

40. AL68 unconditionally guaranteed payment of the Saraland CRE Loans pursuant to that certain Unlimited Continuing Guaranty executed by AL68 in favor of UCB dated January 25, 2023 (the "AL68 Guaranty"). A true and correct copy of the AL68 Guaranty is attached hereto as Exhibit Q.

41. FG Saraland unconditionally guaranteed payment of the Saraland CRE Loans pursuant to that certain Unlimited Continuing Guaranty executed by FG Saraland in favor of Progress Bank dated January 25, 2023 (the "FG Saraland Guaranty" and collectively with the Butler Saraland CRE Guaranty, the Blended Capital Saraland CRE Guaranty, the Life Capital Saraland CRE Guaranty, and the AL68 Guaranty, the "Saraland CRE Guarantees"). A true and correct copy of the FG Saraland Guaranty is attached hereto as Exhibit R.

42. Butler, Blended Capital, Life Capital, AL68, and FG Saraland are hereafter sometimes referred to collectively as the "Saraland CRE Guarantors."

43. UCB is the holder of the Saraland CRE Notes, the Saraland CRE Mortgage, the Saraland CRE Guarantees, and all documents executed in connection therewith or pursuant thereto

(collectively, the "Saraland CRE Loan Documents").

**C. <u>The 524 CRE Loans and the 524 CRE Loan Documents</u>.**

44. On or about December 14, 2023, 524 CRE executed and delivered to UCB that certain Promissory Note of even date in the face amount of $198,200.00 (the "524 CRE Note"), memorializing a loan made by UCB to 524 CRE in the same amount (the "524 CRE Loan"). A true and correct copy of the 524 CRE Note is attached hereto as Exhibit S.

45. The 524 CRE Note is secured by that certain real property commonly known as 524 Boulevard Park West, Unit A, Mobile, Alabama 36609 (the "524 CRE Real Property"), as more particularly described in that certain Mortgage granted by 524 CRE in favor of UCB dated December 14, 2023, recorded as Instrument No. 2023072608 in the Mobile County, Alabama, records (the "524 CRE Mortgage"). A true and correct copy of the 524 CRE Mortgage is attached hereto as Exhibit T.

46. Butler unconditionally guaranteed payment of the 524 CRE Loan pursuant to that certain Commercial Guaranty executed by Butler in favor of UCB dated December 14, 2023 (the "524 CRE Guaranty"). A true and correct copy of the 524 CRE Guaranty is attached hereto as Exhibit U.

47. UCB is the holder of the 524 CRE Note, the 524 CRE Mortgage, the 524 CRE Guaranty, and all documents executed in connection therewith or pursuant thereto (collectively, the "524 CRE Loan Documents").

**D. <u>The Blended Capital Loan Defaults</u>.**

48. The *0100 Borrowers failed to pay the amounts owing under the *0100 Note as and when due and are in default under the *0100 Note.

49. The Development Loan Borrowers failed to pay the amounts owing under the

Development Note as and when due and are in default under the Development Note.

50. The Development Loan Borrowers are further in default of the Development Note and the Development Loan Agreement for failing to perform certain of the terms, obligations, covenants or conditions under the Development Note and the Development Loan Agreement, including without limitation: (i) the failure by the Development Loan Borrowers to deliver to UCB a consolidated balance sheet and income statement of Borrower and its consolidated Subsidiaries[1] as of December 31, 2025, within 45 days after the end of such accounting period; and (ii) the failure by the Development Loan Borrowers to pay personal property taxes for the personal property located at: (a) 5174 Bayou Boulevard, Pensacola, Escambia County, Florida for tax year 2025; (b) 703 W. John Sims Pkwy, Niceville, Okaloosa County, Florida for tax year 2025; (c) 206 Racetrack Road NW, Fort Walton Beach, Okaloosa County, Florida for tax year 2025; (d) 3802 S. Ferdon Bldv., Suite C, Crestview Okaloosa County, Florida for tax year 2025; (e) 4495 Furling Lane, Destin, Okaloosa County, Florida for tax year 2025; (f) 211 Gulf Breeze Parkway, Santa Rosa, Santa Rosa County, Florida for tax years 2024 and 2025; (g) 8646 Navarre Pkwy, Navarre, Santa Rosa County, Florida for tax year 2025; and (h) 54 Shell Street, Suite 101, Saraland, Mobile County, Alabama for tax year 2025.

51. Butler is in default of the Butler Blended Capital Guaranty for failing to pay the amounts owed under the Blended Capital Loan Documents as and when due.

52. Life Capital is in default of the Life Capital Blended Capital Guaranty for failing to pay the amounts owed under the Blended Capital Loan Documents as and when due.

53. By letter dated May 22, 2026, UCB provided Notice of Default, Notice of Demand

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the applicable loan documents.

for Immediate Payment, Demand for Strict Compliance, and Reservation of Rights to the Blended Capital Borrowers and the Blended Capital Guarantors based on the defaults under the Blended Capital Loan Documents, and demanded immediate payment of all amounts due and owing under the Blended Capital Loan Documents (the "Blended Capital Notice of Default"). A true and correct copy of the Blended Capital Notice of Default is attached hereto as Exhibit V.

**E. The Saraland CRE Defaults.**

54. Saraland CRE failed to pay the amounts owing under the Saraland CRE Notes as and when due and is in default under the Saraland CRE Notes.

55. Saraland CRE is further in default of the Saraland CRE Loan Documents for failing to perform certain of the terms, obligations, covenants or conditions under the Saraland CRE Loan Documents, including without limitation, the failure by Saraland CRE to pay real property taxes owed to Mobile County, Alabama on the Saraland CRE Real Property for tax year 2025 (the "Saraland CRE Property Tax Default"), and as a result of the Saraland CRE Property Tax Default, tax liens were imposed on the Saraland CRE Real Property, as evidenced by a Notice of Tax Lien from the Mobile County Revenue Commissioner dated July 8, 2026 (the "Saraland CRE Tax Lien Default").

56. Butler is in default of the Butler Saraland CRE Guaranty for failing to pay the amounts owed under the Saraland CRE Loan Documents as and when due.

57. Blended Capital is in default of the Blended Capital Saraland CRE Guaranty for failing to pay the amounts owed under the Saraland CRE Loan Documents as and when due.

58. Life Capital is in default of the Life Capital Saraland CRE Guaranty for failing to pay the amounts owed under the Saraland CRE Loan Documents as and when due.

59. AL68 is in default of the AL68 Guaranty for failing to pay the amounts owed under

the Saraland CRE Loan Documents as and when due.

60. FG Saraland is in default of the FG Saraland Guaranty for failing to pay the amounts owed under the Saraland CRE Loan Documents as and when due.

61. By letter dated May 22, 2026, UCB provided Notice of Default, Notice of Demand for Immediate Payment, Demand for Strict Compliance, and Reservation of Rights to Saraland CRE and the Saraland CRE Guarantors based on the defaults under the Saraland CRE Loan Documents, and demanded immediate payment of all amounts due and owing under the Saraland CRE Loan Documents (the "Saraland CRE Notice of Default"). A true and correct copy of the Saraland CRE Notice of Default is attached hereto as Exhibit W.

**F. <u>The 524 CRE Loan Defaults</u>.**

62. 524 CRE is in default of the 524 CRE Loan Documents for failing to perform certain of the terms, obligations, covenants or conditions under the 524 CRE Loan Documents, including without limitation, the failure by 524 CRE to pay real property taxes owed to Mobile County, Alabama on the 524 CRE Real Property for tax year 2025 (the "524 CRE Property Tax Default"), and as a result of the 524 CRE Property Tax Default, tax liens were imposed on the 524 CRE Real Property, as evidenced by a Notice of Tax Lien from the Mobile County Revenue Commissioner dated July 8, 2026 (the "524 CRE Tax Lien Default").

63. Butler is in default of the Butler 524 CRE Guaranty for failing to pay the amounts owed under the 524 CRE Loan Documents as and when due.

64. By letter dated May 22, 2026, UCB provided Notice of Default, Demand for Immediate Payment, Demand for Strict Compliance, and Reservation of Rights to 524 CRE and Butler based on the defaults under the 524 CRE Loan Documents, and demanded immediate payment of all amounts due and owing under the 524CRE Loan Documents (the "524 CRE Notice

of Default"). A true and correct copy of the 524 CRE Notice of Default is attached hereto as Exhibit X.

**G. <u>The Second Notice of Default and Amounts Owed Under the Loan Documents</u>.**

65. By letter dated August 27, 2026, UCB provided a Second Notice of Default, Revocation of Forbearance Agreement and Intent to Enforce Rights and Remedies, Notice of Administrative Hold and Intent to Setoff Deposit Accounts, and Demand for Strict Compliance and Reservation of Rights the Blended Capital Borrowers, the Blended Capital Guarantors, Saraland CRE, the Saraland CRE Guarantors, 524 CRE, and Butler to notify them that UCB intended to commence exercising its rights and remedies under the various loan documents as a result of their continued defaults (the "Second Notice of Default"). A true and correct copy of the Second Notice of Default is attached hereto as Exhibit Y.

66. As of September 3, 2026, the amounts owing under the various loan documents, exclusive of costs and attorneys' fees, was as follows:

[CONTINUED ON THE FOLLOWING PAGE.]

| **Loan** | **Principal** | **Default and Non-Default Interest**[2] | **Late Fees/Charges** | **Other Fees** | **Total** | **Per Diem (Default Rate)**[3] |
|---|---|---|---|---|---|---|
| *0100 Loan | $284,575.57 | $367.72 | $0.00 | $150.00 | **$285,093.29** | $77.07 |
| *6349 Loan | $594,301.71 | $28,219.75 | $4,122.24 | $150.00 | **$626,793.70** | $111.10 |
| *1176 Loan | $582,990.93 | $26,672.32 | $2,931.25 | $150.00 | **$612,744.50** | $115.46 |
| *4445 Loan | $298,795.48 | $1,164.05 | $0.00 | $150.00 | **$300,109.53** | $68.47 |
| *5600 Loan | $1,919,841.13 | $77,553.58 | $1,865.83 | $3,460.00 | **$2,002,720.54** | $519.96 |
| *4100 Loan | $637,031.28 | $27,113.64 | $3,143.56 | $150.00 | **$667,438.48** | $172.53 |
| 524 CRE Loan | $186,405.92 | $1,118.44 | $0.00 | $2,660.00 | **$190,184.36** | $82.85 |
| **TOTAL** | $4,503,942.02 | $162,209.50 | $12,062.88 | $6,870.00 | **$4,685,084.40** | $1,147.44 |

## III. CAUSES OF ACTION

### COUNT I
Breach of the *0100 Note
(Against the *0100 Borrowers)

67. UCB re-alleges and incorporates by reference the allegations in Paragraphs 1–19, 20, 28, 33, 48, 53, and 65–66.

68. The *0100 Borrowers are in default of their obligations under the *0100 Note for failing to pay the amounts owing under the *0100 Note as and when due.

69. The *0100 Borrowers are liable to UCB, jointly and severally, under the *0100 Note for the principal balance in the amount of $284,575.57, non-default and default interest in the amount of $367.72 as of September 3, 2026, per diem default interest after September 3, 2026, and through judgment in the amount of $77.07, and other fees in the amount of $150.00.

[2] The interest amounts listed for the *6349 Loan, *1176 Loan, and *4445 Loan consist of non-default interest, as the applicable loan documents do not have a default rate of interest.
[3] The per diem amounts listed for the *6349 Loan, *1176 Loan, and *4445 Loan consist of non-default interest, as the applicable loan documents do not have a default rate of interest.

**COUNT II**

Breach of the Development Loan Documents

(Against the Development Loan Borrowers)

70. UCB re-alleges and incorporates by reference the allegations in Paragraphs 1–19, 21–29, 33, 49–50, 53, and 65–66.

71. The Development Loan Borrowers failed to pay the amounts owing under the Development Note as and when due and are in default under the Development Note.

72. The Development Loan Borrowers are further in default of the Development Note and the Development Loan Agreement for failing to perform certain of the terms, obligations, covenants or conditions under the Development Note and the Development Loan Agreement, including without limitation: (i) the failure by the Development Loan Borrowers to deliver to UCB a consolidated balance sheet and income statement of Borrower and its consolidated Subsidiaries[4] as of December 31, 2025, within 45 days after the end of such accounting period; and (ii) the failure by the Development Loan Borrowers to pay personal property taxes for the personal property located at: (a) 5174 Bayou Boulevard, Pensacola, Escambia County, Florida for tax year 2025; (b) 703 W. John Sims Pkwy, Niceville, Okaloosa County, Florida for tax year 2025; (c) 206 Racetrack Road NW, Fort Walton Beach, Okaloosa County, Florida for tax year 2025; (d) 3802 S. Ferdon Bldv., Suite C, Crestview Okaloosa County, Florida for tax year 2025; (e) 4495 Furling Lane, Destin, Okaloosa County, Florida for tax year 2025; (f) 211 Gulf Breeze Parkway, Santa Rosa, Santa Rosa County, Florida for tax years 2024 and 2025; (g) 8646 Navarre Pkwy, Navarre, Santa Rosa County, Florida for tax year 2025; and (h) 54 Shell Street, Suite 101, Saraland, Mobile County, Alabama for tax year 2025.

[4] Capitalized terms not defined herein shall have the meanings ascribed to them in the applicable loan documents.

73. The Development Loan Borrowers are liable to UCB, jointly and severally, under the Development Note for the amounts owed on the *6349 Loan, which are comprised of the principal balance in the amount of $594,301.71, non-default interest in the amount of $28,219.75 as of September 3, 2026, per diem non-default interest after September 3, 2026, and through judgment in the amount of $111.10, late charges in the amount of $4,122.24, and other fees in the amount of $150.00.

74. The Development Loan Borrowers are liable to UCB, jointly and severally, under the Development Note for amounts owed on the *1176 Loan, which are comprised of the principal balance in the amount of $582,990.93, non-default interest in the amount of $26,672.32 as of September 3, 2026, per diem non-default interest after September 3, 2026, and through judgment in the amount of $115.46, late charges in the amount of $2,931.25, and other fees in the amount of $150.00.

75. The Development Loan Borrowers are liable to UCB, jointly and severally, under the Development Note for the amounts owed on the *4445 Loan, which are comprised of principal balance in the amount of $298,795.48, non-default interest in the amount of $1,164.05 as of September 3, 2026, per diem non-default interest after September 3, 2026, and through judgment in the amount of $68.47, and other fees in the amount of $150.00.

**COUNT III**
<u>Breach of the Blended Capital Guarantees</u>
(Against the Blended Capital Guarantors)

76. UCB re-alleges and incorporates by reference the allegations in Paragraphs 1–33, 48–53, and 65–66.

77. Butler is in default of the Butler Blended Capital Guaranty for failing to pay the amounts owed under the Blended Capital Loan Documents as and when due.

78. Life Capital is in default of the Life Capital Blended Capital Guaranty for failing to pay the amounts owed under the Blended Capital Loan Documents as and when due.

79. The Blended Capital Guarantors are liable to UCB, jointly and severally, under their respective Blended Capital Guarantees for the amounts owed on the *0100 Note, which are comprised of the principal balance in the amount of $284,575.57, non-default and default interest in the amount of $367.72 as of September 3, 2026, per diem default interest after September 3, 2026, and through judgment in the amount of $77.07, and other fees in the amount of $150.00.

80. The Blended Capital Guarantors are liable to UCB, jointly and severally, under their respective Blended Capital Guarantees for the amounts owed on the *6349 Loan, which are comprised of the principal balance in the amount of $594,301.71, non-default interest in the amount of $28,219.75 as of September 3, 2026, per diem non-default interest after September 3, 2026, and through judgment in the amount of $111.10, late charges in the amount of $4,122.24, and other fees in the amount of $150.00.

81. The Blended Capital Guarantors are liable to UCB, jointly and severally, under their respective Blended Capital Guarantees for the amounts owed on the *1176 Loan, which are comprised of the principal balance in the amount of $582,990.93, non-default interest in the amount of $26,672.32 as of September 3, 2026, per diem non-default interest after September 3, 2026, and through judgment in the amount of $115.46, late charges in the amount of $2,931.25, and other fees in the amount of $150.00.

82. The Blended Capital Guarantors are liable to UCB, jointly and severally, under their respective Blended Capital Guarantees for the amounts owed on the *4445 Loan, which are comprised of the principal balance in the amount of $298,795.48, non-default interest in the amount of $1,164.05 as of September 3, 2026, per diem non-default interest after September 3,

2026, and through judgment in the amount of $68.47, and other fees in the amount of $150.00.

**COUNT IV**
Breach of the Saraland Notes
(Against Saraland CRE)

83. UCB re-alleges and incorporates by reference the allegations in Paragraphs 1–19, 34–36, 43, 54–55, 61, and 65–66.

84. Saraland CRE failed to pay the amounts owing under the Saraland CRE Notes as and when due and is in default under the Saraland CRE Notes.

85. Saraland CRE is further in default of the Saraland CRE Loan Documents as a result of the Saraland CRE Property Tax Default and the Saraland CRE Tax Lien Default.

86. Saraland CRE is liable to UCB under the *5600 Note for the principal balance in the amount of $1,919,841.13, non-default and default interest in the amount of $77,553.58 as of September 3, 2026, per diem default interest after September 3, 2026, and through judgment in the amount of $519.96, late fees in the amount of $1,865.83, and other fees in the amount of $3,460.00.

87. Saraland CRE is liable to UCB under the *4100 Note for the principal balance in the amount of $637,031.28, non-default and default interest in the amount of $27,113.64 as of September 3, 2026, per diem default interest after September 3, 2026, and through judgment in the amount of $172.53, late fees in the amount of $3,143.56, and other fees in the amount of $150.00.

**COUNT V**
Breach of the Saraland CRE Guarantees
(Against the Saraland CRE Guarantors)

88. UCB re-alleges and incorporates by reference the allegations in Paragraphs 1–19, 34–43, 54–61, and 65–66.

89. Butler is in default of the Butler Saraland CRE Guaranty for failing to pay the amounts owed under the Saraland CRE Loan Documents as and when due.

90. Blended Capital is in default of the Blended Capital Saraland CRE Guaranty for failing to pay the amounts owed under the Saraland CRE Loan Documents as and when due.

91. Life Capital is in default of the Life Capital Saraland CRE Guaranty for failing to pay the amounts owed under the Saraland CRE Loan Documents as and when due.

92. AL68 is in default of the AL68 Guaranty for failing to pay the amounts owed under the Saraland CRE Loan Documents as and when due.

93. FG Saraland is in default of the FG Saraland Guaranty for failing to pay the amounts owed under the Saraland CRE Loan Documents as and when due.

94. The Saraland CRE Guarantors are liable to UCB, jointly and severally, under their respective Saraland CRE Guarantors Guarantees for the amounts owed on the *5600 Loan, which are comprised of the principal balance in the amount of $1,919,841.13, non-default and default interest in the amount of $77,553.58 as of September 3, 2026, per diem default interest after September 3, 2026, and through judgment in the amount of $519.96, late fees in the amount of $1,865.83, and other fees in the amount of $3,460.00.

95. The Saraland CRE Guarantors are liable to UCB, jointly and severally, under their respective Saraland CRE Guarantees for the amounts owed on the *4100 Loan, which are comprised of the principal balance in the amount of $637,031.28, non-default and default interest in the amount of $27,113.64 as of September 3, 2026, per diem default interest after September 3, 2026, and through judgment in the amount of $172.53, late fees in the amount of $3,143.56, and other fees in the amount of $150.00.

**COUNT VI**
Breach of the 524 CRE Note
(Against 524 CRE)

96. UCB re-alleges and incorporates by reference the allegations in Paragraphs 1–19,

44–45, 47, 62, and 64–66.

97. 524 CRE is further in default of the 524 CRE Loan Documents as a result of the 524 CRE Property Tax Default and the 524 CRE Tax Lien Default.

98. 524 CRE is liable to UCB under the 524 CRE Note for the principal balance in the amount of $186,405.92, non-default and default interest in the amount of $1,118.44 as of September 3, 2026, per diem default interest after September 3, 2026, and through judgment in the amount of $82.85, and other fees in the amount of $2,660.00.

**COUNT VII**
Breach of the 524 CRE Guaranty
(Against Butler)

99. UCB re-alleges and incorporates by reference the allegations in Paragraphs 1–19, 44–47, and 62–66.

100. Butler is in default of the Butler 524 CRE Guaranty for failing to pay the amounts owed under the 524 CRE Loan Documents as and when due.

101. Butler is liable to UCB under the 524 CRE Guaranty for the amounts owed on the 524 CRE Loan, which are comprised of the principal balance in the amount of $186,405.92, non-default and default interest in the amount of $1,118.44 as of September 3, 2026, per diem default interest after September 3, 2026, and through judgment in the amount of $82.85, and other fees in the amount of $2,660.00.

**COUNT VIII**
Attorneys' Fees and Court Costs
(Against All Defendants)

102. UCB re-alleges and incorporates by reference the allegations in Paragraphs 1 through 100.

103. The Blended Capital Borrowers and Blended Capital Guarantors agreed in the

Blended Capital Loan Documents that UCB is entitled to reasonable attorneys' fees and court costs incurred in any effort taken by UCB to enforce the terms of the Blended Capital Loan Documents.

104. Saraland CRE and the Saraland CRE Guarantors agreed in the Saraland CRE Loan Documents that UCB is entitled to reasonable attorneys' fees and court costs incurred in any effort taken by UCB to enforce the terms of the Saraland CRE Loans.

105. 524 CRE and Butler agreed in the 524 CRE Loan Documents that UCB is entitled to reasonable attorneys' fees and court costs incurred in any effort taken by UCB to enforce the terms of the 524 CRE Loan.

106. The Defendants are liable to UCB for reasonable attorneys' fees and court costs incurred by UCB to enforce the terms of the loans.

**NOW WHEREFORE**, UCB prays for the following relief:

(a) that summons issue as to the Defendants;

(b) that final judgment be entered against the *0100 Borrower and Blended Capital Guarantors, jointly and severally, for the amounts owed on the *0100 Loan, which are comprised of the principal balance in the amount of $284,575.57, non-default and default interest in the amount of $367.72 as of September 3, 2026, per diem default interest after September 3, 2026, and through judgment in the amount of $77.07, and other fees in the amount of $150.00.

(c) that final judgment be entered against the Development Loan Borrowers and Blended Capital Guarantors, jointly and severally, for: (i) the amounts owed on the *6349 Loan, which are comprised of the principal balance in the amount of $594,301.71, non-default interest in the amount of $28,219.75 as of September 3, 2026, per diem non-default interest after September 3, 2026, and through judgment in the amount of $111.10, late charges in the amount of $4,122.24, and other fees in the amount of $150.00; (ii) the amounts owed on the *1176 Loan,

which are comprised of the principal balance in the amount of $582,990.93, non-default interest in the amount of $26,672.32 as of September 3, 2026, per diem non-default interest after September 3, 2026, and through judgment in the amount of $115.46, late charges in the amount of $2,931.25, and other fees in the amount of $150.00; and (iii) the amounts owed on the *4445 Loan, which are comprised of the principal balance in the amount of $298,795.48, non-default interest in the amount of $1,164.05 as of September 3, 2026, per diem non-default interest after September 3, 2026, and through judgment in the amount of $68.47, and other fees in the amount of $150.00;

(d) that final judgment be entered against Saraland CRE and the Saraland CRE Guarantors, jointly and severally, for: (i) the amounts owed on the *5600 Loan, which are comprised of the principal balance in the amount of $1,919,841.13, non-default and default interest in the amount of $77,553.58 as of September 3, 2026, per diem default interest after September 3, 2026, and through judgment in the amount of $519.96, late fees in the amount of $1,865.83, and other fees in the amount of $3,460.00; and (ii) the amounts owed on the *4100 Loan, which are comprised of the principal balance in the amount of $637,031.28, non-default and default interest in the amount of $27,113.64 as of September 3, 2026, per diem default interest after September 3, 2026, and through judgment in the amount of $172.53, late fees in the amount of $3,143.56, and other fees in the amount of $150.00;

(e) that final judgment be entered against 524 CRE and Butler, jointly and severally, for the amounts owed on the 524 CRE Loan, which are comprised of the principal balance in the amount of $186,405.92, non-default and default interest in the amount of $1,118.44 as of September 3, 2026, per diem default interest after September 3, 2026, and through judgment in the amount of $82.85, and other fees in the amount of $2,660.00;

(f) that such final judgment include awards for UCB's attorneys' fees pursuant to the

contractual attorneys' fees provided for in the Blended Capital Loan Documents, Saraland CRE Loan Documents, and 524 CRE Loan Documents, respectively;

(g) an order taxing all costs on the Defendants;

(h) post-judgment interest at the default rate as provided for in the Blended Capital Loan Documents, Saraland CRE Loan Documents, and 524 CRE Loan Documents, respectively;

(i) for all other relief this Court deems proper.

This 8th day of September, 2026.

**TAFT STETTINIUS & HOLLISTER LLP**

*/s/ Patrick L. Lowther*
Brian J. Levy
(*Pro Hac Vice* forthcoming)
Georgia Bar No. 302518
blevy@taftlaw.com
Patrick L. Lowther (LOW033)
plowther@taftlaw.com
Samuel E. Marticke
(*Pro Hac Vice* forthcoming)
Georgia Bar No. 693417
smarticke@taftlaw.com

3343 Peachtree Road NE
Suite 1600
Atlanta, Georgia 30326
Telephone: (404) 233-7000

COUNSEL FOR PLAINTIFF UNITED COMMUNITY BANK